ELECTRONICALLY FILED - 2022 Mar 15 2:36 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4200870

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | SEVENTH JUDICIAL CIRCUIT |
| COUNTY OF SPARTANBURG ) | |
| ) | |
| Scott Peterson and Cheryl Peterson, ) | SUMMONS |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| Rodney Cran and Minstar Transport, Inc., ) | |
| Jointly and Severally, ) | |
| ) | |
| Defendants. ) | |

**TO:   THE DEFENDANTS AND DEFENDANTS' ATTORNEYS:**

YOU MAY PLEASE TAKE NOTICE that you are hereby summoned and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer on the attorney for the Plaintiff listed below at his office at Post Office Box 670, Rock Hill, South Carolina, 29731-6670, within thirty (30) days after service hereof excluding the date of such service. If you fail to answer the complaint within the time aforesaid, Plaintiff will apply to the court for a judgment by default for the relief demanded in the complaint and any other relief deemed appropriate.

Respectfully submitted,

/s Tyler Bathrick
Tyler Bathrick (S.C. Bar #74944)
Attorney for Plaintiff
Stewart Law Offices, L.L.C.
Post Office Box 670
Rock Hill, South Carolina   29731
Telephone: (803) 328-5600

Rock Hill, South Carolina
March 15, 2022

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF SPARTANBURG ) <br> ) <br> Scott Peterson and Cheryl Peterson, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> ) <br> ) <br> Rodney Cran and Minstar Transport, Inc., ) <br> Jointly and Severally, ) <br> ) <br> Defendants. ) <br> _____ ) | IN THE COURT OF COMMON PLEAS <br> SEVENTH JUDICIAL CIRCUIT <br><br> COMPLAINT <br> (Jury Trial Demanded) <br> (Automobile Tort Claim) |

**TO:   THE DEFENDANTS AND DEFENDANTS' ATTORNEYS:**

Plaintiffs, Scott Peterson and Cheryl Peterson, complaining of the acts and/or omissions of Defendant, state as follows:

1. Plaintiffs, Scott Peterson and Cheryl Peterson, at the time of the described collision, were citizens and residents of Spartanburg County, South Carolina.

2. Upon information and belief, Defendant Rodney Cran ("Defendant Cran"), at the time of the described collision, was a citizen and resident of Harrison County, Mississippi.

3. Upon information and belief, Defendant Ministar Transport, Inc. ("Defendant Ministar") is a company incorporated, organized, and existing under the laws of the State of Minnesota and regularly doing business in the State of South Carolina.

4. This Honorable Court has jurisdiction over the parties herein and of the hereof complained subject matter.

5. Venue is proper, as the collision occurred in Spartanburg County, South Carolina.

## FACTUAL ALLEGATIONS

6. On or about April 30, 2020, Plaintiff Scott Peterson was traveling west on Country Club Road in a vehicle bearing South Carolina License Tag Number MWP977 in Spartanburg County, South Carolina.

7. On that day and at that time, Defendant Cran was traveling north on South Pine Street in Spartanburg County, South Carolina and was operating a tractor trailer owned by Defendant Minstar and bearing Minnesota License Tag Number PAR8475.

8. On that day and at that time, Defendant Cran was operating the above-mentioned tractor trailer with Defendant Minstar's express permission.

9. On that day and at that time, as Plaintiff Scott Peterson approached the intersection of Country Club Road and South Pine Street, Defendant Cran disregarded a red light and violently crashed into Plaintiff Scott Peterson's vehicle.

10. At all times relevant to and mentioned in this Complaint, Defendant Cran was the employee, agent, and/or servant of Defendant Minstar and all acts complained of were performed and done by Defendant Cran in the course and scope of his agency, authority, and/or employment with the express and/or implied authority of Defendant Minstar pursuant to the doctrine of *respondeat superior* and/or Defendant Cran operated the tractor trailer outside the scope of his employment with the permission of Defendant Minstar.

11. Plaintiffs are informed and believe each of the Defendants individually, jointly and severally, and by and through their servants, agents, and/or employees were negligent, grossly negligent, careless, reckless, willful, and wanton in causing the above-mentioned collision.

ELECTRONICALLY FILED - 2022 Mar 15 2:36 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4200870

12. As a result of the above-mentioned collision, Plaintiff Scott Peterson suffered injuries, including but not limited to, injuries to his left knee, back, and neck; post-traumatic stress disorder; depression; head/brain injury, memory loss.

13. As a result of the above-mentioned collision, Plaintiff Scott Peterson suffered a priapism from medication usage.

14. As a result of the above-mentioned collision, Plaintiff Scott Peterson underwent left knee replacement surgery.

15. Plaintiff Scott Peterson was forced to seek medical attention for the above-mentioned injuries, and he believes he will have permanent adverse effects and/or disability because of them.

16. Plaintiff Cheryl Peterson has been and will continue to be deprived of Plaintiff Scott Peterson's society, companionship, affection, and aid continuing to the present

**FOR A FIRST CAUSE OF ACTION**
**Negligence, Gross Negligence, and Negligence Per Se (as to Defendant Cran)**

17. Each and every allegation in paragraphs one (1) through sixteen (16) is realleged as if set forth here fully in its entirety.

18. Defendant Cran, by and through his acts and/or omissions, was negligent, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars:

    a. In disregarding a red light, in violation of S.C. Code Ann. Section 56-5-950(a);

    b. In operating the above-mentioned tractor trailer, a dangerous instrumentality, in a dangerous and/or unsafe condition or manner;

    c. In operating the above-mentioned tractor trailer, a dangerous instrumentality, while traveling at an excessive speed;

    d. In failing to keep a proper lookout and/or in failing to stay alert;

ELECTRONICALLY FILED - 2022 Mar 15 2:36 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4200870

e. In failing to take any evasive action, by any means, to keep from striking Plaintiff Scott Peterson's vehicle;

f. In failing to properly observe the road, traffic conditions, and/or red light;

g. In failing to maintain proper control over the above-mentioned tractor trailer, a dangerous instrumentality;

h. In operating the above-mentioned tractor trailer, a dangerous instrumentality, with a reckless disregard for the rights and safety of others, and especially the rights and safety of Plaintiff Scott Peterson;

i. In failing to honor the right of way of Plaintiff Scott Peterson's vehicle;

j. In failing to stop, thus striking Plaintiff Scott Peterson's vehicle;

k. In failing to abide by the applicable rules, regulations, and/or laws of the commercial trucking industry and violating the same;

l. In failing to properly equip the above-mentioned tractor trailer, a dangerous instrumentality, with adequate and safe brakes, and, if so properly equipped, in failing to properly utilize them;

m. In failing to properly equip the tractor trailer with adequate and safe steering mechanisms, and if so properly equipped, in failing to properly utilize them;

n. In failing to exercise the degree of care which an ordinary, reasonable, and prudent person would have exercised under the same or similar circumstances;

o. In failing to uphold the obligation of due care to third parties; and

p. Such other and further particulars as the evidence at trial may show.

ELECTRONICALLY FILED - 2022 Mar 15 2:36 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4200870

18. All of which were the direct and proximate cause of the injuries and damages Plaintiffs suffered, as more fully set forth below, said acts being in violation of the laws of the State of South Carolina.

## FOR A SECOND CAUSE OF ACTION
### Negligent Entrustment (as to Defendant Minstar)

19. Each and every allegation in paragraphs one (1) through eighteen (18) is realleged as if set forth here fully in its entirety.

20. Defendant Minstar, individually and/or through its agents, servants, and/or employees, by their acts and/or omissions, was negligent, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars:

    a. In allowing Defendant Cran to disregard a red light, in violation of S.C. Code Ann. Section 56-5-950(a);

    b. In allowing Defendant Cran to operate the above-mentioned tractor trailer, a dangerous instrumentality, in a dangerous and/or unsafe condition or manner;

    c. In allowing Defendant Cran to operate the above-mentioned tractor trailer, a dangerous instrumentality, while traveling at an excessive speed;

    d. In failing to instruct Defendant Cran to keep a proper lookout and/or to stay alert;

    e. In failing to instruct Defendant Cran to take any evasive action, by any means, to keep from striking Plaintiff Scott Peterson's vehicle;

    f. In failing to instruct Defendant Cran to properly observe the road, traffic conditions, and/or red light;

    g. In failing to instruct Defendant Cran to maintain proper control over the above-mentioned tractor trailer, a dangerous instrumentality;

h. In allowing Defendant Cran to operate the above-mentioned tractor trailer, a dangerous instrumentality, with a reckless disregard for the rights and safety of others, and especially the rights and safety of Plaintiff Scott Peterson;

i. In failing to instruct Defendant Cran to honor the right of way of Plaintiff Scott Peterson's vehicle;

j. In failing to instruct Defendant Cran to stop before striking Plaintiff Scott Peterson's vehicle;

k. In failing to instruct Defendant Cran to abide by the applicable rules, regulations, and/or laws of the commercial trucking industry;

l. In failing to properly equip the above-mentioned tractor trailer, a dangerous instrumentality, with adequate and safe brakes, and, if so properly equipped, in failing to instruct Defendant Cran to properly utilize them;

m. In failing to properly equip the tractor trailer with adequate and safe steering mechanisms, and if so properly equipped, in failing to instruct Defendant Cran to properly utilize them;

n. In failing to instruct Defendant Cran to exercise the degree of care which an ordinary, reasonable, and prudent person would have exercised under the same or similar circumstances;

o. In failing to instruct Defendant Cran to uphold the obligation of due care to third parties;

p. In failing to instruct, properly supervise, monitor, train, and/or educate its employees or agents; and

q. Such other and further particulars as the evidence at trial may show.

21 All of which were the direct and proximate cause of the injuries and damages Plaintiffs suffered, as more fully set forth below, said acts being in violation of federal regulations and the statutory and common laws of the State of South Carolina.

### FOR A THIRD CAUSE OF ACTION
**Loss of Consortium (as to Defendant Cran and Defendant Minstar, Jointly and Severally)**

22. Each and every allegation in paragraphs one (1) through twenty-one (21) is realleged as if set forth here fully in its entirety.

23. Prior to April 30, 2020, Plaintiffs enjoyed a happy marriage. Plaintiffs enjoyed love and affection for each other and reasonably anticipated many more years of happiness.

24. As a direct result of the acts and/or omissions of Defendants, jointly and severally, Plaintiff Scott Peterson was injured and was not able to function in his full capacity as a marriage partner to Plaintiff Cheryl Peterson.

25. As such, and due to the tortious injury caused by the Defendants, jointly and severally, the Plaintiffs have each suffered loss of consortium injuries and damages as a result of the injuries wrongfully caused to each other, including but not limited to loss of marital affection, embarrassment, loss of romantic interaction, increased household duties, emotional distress and mental anguish, and other damages to be proven at trial.

### DAMAGES

26. As a direct and proximate result of the above complained of negligent, grossly negligent, careless, reckless, willful, and wanton acts/omissions of Defendants, jointly and severally, which combined, contributed to and joined to create the circumstances then and there existing, Plaintiff Scott Peterson:

ELECTRONICALLY FILED - 2022 Mar 15 2:36 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4200870

a. Was severely, seriously, and painfully injured;

b. Suffered injuries, including but not limited to, injuries, including but not limited to, injuries to his left knee, back, and neck; post-traumatic stress disorder; depression; and memory loss;

c. Suffered a head/brain injury;

d. Suffered a priapism;

e. Underwent left knee replacement surgery;

f. Has incurred and will continue to incur substantial medical, pharmaceutical, and physician bills;

g. Was subjected to the administration of strong and potent drugs/medications and will continue to be subjected to the same in the future;

h. Was subjected to a lengthy period of rehabilitation and will continue to be subjected to the same in the future;

i. Was subjected to extreme pain, mental anguish, post-traumatic stress, and suffering/pain over a long period of time and will continue to be subjected to the same in the future;

j. Has incurred lost wages;

k. Has suffered loss of earning capacity;

l. Will require ongoing lifetime medical care;

m. Has suffered permanent impairment and/or permanent disability;

n. Has suffered and will continue to suffer a loss of enjoyment of life; and

o. Such other and further particulars as the evidence at trial may show.

27. As a direct and proximate result of the above complained of negligent, grossly negligent, careless, reckless, willful, and wanton acts/omissions of Defendants, jointly and severally, which combined, contributed to and joined to create the circumstances then and there existing, Plaintiffs Cheryl Peterson has been deprived of Plaintiff Scott Peterson's society, companionship, affection, and aid from the date of the collision continuing to the present.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for such sum of actual and punitive damages that a trier of fact may find, for the costs of this action, and for such other relief as this Honorable Court may deem just and proper.

Respectfully submitted,

/s Tyler Bathrick
Tyler Bathrick (S.C. Bar #74944)
Attorney for Plaintiff
Stewart Law Offices, L.L.C.
Post Office Box 670
Rock Hill, South Carolina   29731
Telephone: (803) 328-5600

March 15, 2022
Rock Hill, South Carolina

*Freddy*



# S. C. DEPARTMENT OF MOTOR VEHICLES

OFFICE OF GENERAL COUNSEL
P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax :( 803) 896-9901



April 7, 2022                                    USPS Tracking # 7021 2720 0001 9819 3518

Rodney Cran
20055 Crowe Road
Long Beach, MS 39560

Re:  *Scott Peterson and Cheryl Peterson v. Rodney Cran and Minstar Transport, Inc., Jointly and Severely.*
Case No 2022-CP-42-00870, DMV 22-154

Dear Sir/Madam:

In accordance with the provisions of Section 15-9-350 or 15-9-360 of the Code of Laws of South Carolina (1976), this office has received the enclosed **Summons and Complaint** in the above-referenced action. Under South Carolina law, this has the same legal effect as if you had been served with these documents personally.

Section 15-9-350 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident of the rights and privileges conferred by the laws in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways, the streets of any incorporated municipality or the public roads of this State or anywhere within this State, or the operation by such nonresident of a motor vehicle on any such public highways, streets, or public roads or anywhere within this State other than as so permitted or regulated shall be deemed equivalent to the appointment by such nonresident of the Director of the Department of Motor Vehicles or of his successor in office to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him growing out of any accident or collision in which such nonresident may be involved by reason of the operation by him, for him or under his control or direction, express or implied, of a motor vehicle on such public highways, Streets, or public roads or anywhere within this State. Such acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

Section 15-9-360 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident motor carrier of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by such nonresident either personally or through an agent or employee on the public highways in this State, or the operation of such nonresident either personally or

through an agent, lessee, or employee, of a motor vehicle on the public highways of this State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident motor carrier of the Director of the Department of Motor Vehicles, or his successor in office, to be his true and lawful attorney and the attorney of his executor or administrator, upon whom may be served all summonses or other lawful process or notice in any action, assessment proceeding, or other proceeding against him or his executor or administrator, arising out of or by reason of any provisions in Chapter 31 of Title 12 relating to such vehicle or relating to the liability for tax with respect to operation of such vehicle on the highways of this State. Acceptance or operation shall be a signification by such nonresident motor carrier of his agreement that any such process against or notice to him or his executor or administrator shall be of the same legal force and validity as if served on him personally or on his executor or administrator. All of the provisions of Sections 15-9-370, 15-9-380, and 15-9-350 shall be applicable with respect to the service of process or notice pursuant to this section."

Sincerely,

*[signature]*

Natasha Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

cc:   Tyler Bathrick, Esquire
      P.O. Box 670
      Rock Hill, SC 29731

TB/Freddy
#209699



# S. C. DEPARTMENT OF MOTOR VEHICLES

OFFICE OF GENERAL COUNSEL
P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax: 896-9901

April 18, 2022

Tyler Bathrick, Esquire
P.O. Box 670
Rock Hill, SC 29731

Re: *Scott Peterson and Cheryl Peterson v. Rodney Cran and Minstar Transport, Inc., Jointly and Severely*
Case No 2022-CP-42-00870, DMV 22-154

To whom it may Concern:

Enclosed is the return receipt card regarding the above-referenced matter. This card indicates service was made on Defendant Rodney Cran. The signed card was received in this office on April 14, 2022.

If you have any questions, please contact me at natasha.thomas@scdmv.net.

Sincerely,

Natasha D. Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Rodney Cran
   20055 Crowe Road
   Long Beach, MS 39560

2. Article Number (Transfer from service label)

   7021 2720 0001 9819 3518

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X Samantha Cran    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☑ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery ($500)
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☑ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

ELECTRONICALLY FILED - 2022 Apr 21 4:15 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4200870

Freddy

# S. C. DEPARTMENT OF MOTOR VEHICLES

OFFICE OF GENERAL COUNSEL
*P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax :( 803) 896-9901*

COPY

April 7, 2022                          USPS Tracking # 7021 2720 0001 9819 3525

Minstar Transport, Inc
837 Apollo Road
Eagan, MN 55121

Re:   *Scott Peterson and Cheryl Peterson v. Rodney Cran and Minstar Transport, Inc., Jointly and Severely.*
      **Case No 2022-CP-42-00870, DMV 22-154**

Dear Sir/Madam:

In accordance with the provisions of Section 15-9-350 or 15-9-360 of the Code of Laws of South Carolina (1976), this office has received the enclosed **Summons and Complaint** in the above-referenced action. Under South Carolina law, this has the same legal effect as if you had been served with these documents personally.

Section 15-9-350 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident of the rights and privileges conferred by the laws in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways, the streets of any incorporated municipality or the public roads of this State or anywhere within this State, or the operation by such nonresident of a motor vehicle on any such public highways, streets, or public roads or anywhere within this State other than as so permitted or regulated shall be deemed equivalent to the appointment by such nonresident of the Director of the Department of Motor Vehicles or of his successor in office to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him growing out of any accident or collision in which such nonresident may be involved by reason of the operation by him, for him or under his control or direction, express or implied, of a motor vehicle on such public highways, Streets, or public roads or anywhere within this State. Such acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

Section 15-9-360 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident motor carrier of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by such nonresident either personally or through an agent or employee on the public highways in this State, or the operation of such nonresident either personally or

ELECTRONICALLY FILED - 2022 Apr 14 1:03 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4200870

through an agent, lessee, or employee, of a motor vehicle on the public highways of this State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident motor carrier of the Director of the Department of Motor Vehicles, or his successor in office, to be his true and lawful attorney and the attorney of his executor or administrator, upon whom may be served all summonses or other lawful process or notice in any action, assessment proceeding, or other proceeding against him or his executor or administrator, arising out of or by reason of any provisions in Chapter 31 of Title 12 relating to such vehicle or relating to the liability for tax with respect to operation of such vehicle on the highways of this State. Acceptance or operation shall be a signification by such nonresident motor carrier of his agreement that any such process against or notice to him or his executor or administrator shall be of the same legal force and validity as if served on him personally or on his executor or administrator. All of the provisions of Sections 15-9-370, 15-9-380, and 15-9-350 shall be applicable with respect to the service of process or notice pursuant to this section."

Sincerely,

*[signature]*

Natasha Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

cc:    Tyler Bathrick, Esquire
       P.O. Box 670
       Rock Hill, SC 29731

ELECTRONICALLY FILED - 2022 Apr 14 1:03 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4200870